Milligan, J.,
delivered the opinion of the court:
This case stands on demurrer, and the only question now presented for our determination is, whether the averments in the petition are sufficient to sustain the action. The suit is brought under the second section of the Act 3d March, 1849, (9 Stat. L., 415,) and the allegations in the petition are, in substance, as follows:
Andrew Stuart, on the 25th of July, 1864, entered into a contract with the government of the United States for the transportation of military stores and supplies. The contract is in writing, a copy of which is annexed to the petition and made a part thereof.
Pursuant to its stipulations, the said Stuart provided himself with the necessary means of transportation, and in all respects fully complied with the terms of the agreement. And, in the month of July, 1864, while he was proceeding, in execution of said contract, with a train of wagons from Fort Leavenworth, Kansas, to Fort Union, New Mexico, the train was, on the 12th of July, 1864, in the vicinity of Crow Creek, Kansas, attacked by a band of hostile Indians, and without any fault or neglect on the part of the claimants, or any of them, or their agents, fifty-six head of oxen, employed in moving said train, were cap *117 tured by said band of hostile Indians, and no part thereof has been recovered.
The oxen and the other means of transportation used in said train had been, as alleged in the petition, duly inspected by the United States quartermaster, and accepted by him at the place of departure, as required by the contract; and said oxen were in the military service of the United States, and, at the time of capture, worth $4,480.
The contract is in the name of Stuart, and the cattle employed in its execution, as charged in the petition, at the date of capture, was the property of Guttman.
In deciding the demurrer, which is to the sufficiency of the petition, we have not assumed to interpret the act of Congress under which this suit is brought, or the applicability of the facts stated in the petition to its provisions. It is enough to meet and answer the issue raised by the demurrer, and leave all other questions which may hereafter arise in the case to be determined when they are presented.
The contract is drawn out at great length, and with much particularity; and, in its tenth article; the following stipulation is found:
“That said Andrew Stuart shall be furnished with a suitable escort for the protection of the supplies, should he be required to transport in any one train a less quantity than 125,000 pounds; but whenever required to transport 125,000 pounds, or more, then no escort shall be furnished.”
Admitting the strict construction of this article contended for in argument, that the escort stipulated for was to protect the supplies when under 125,000 pounds, and not the cattle and wagons with which they were transported, it does not follow that the latter clause of the tenth article does not contain a positive stipulation that no escort shall be furnished by the United States-for any purpose when 125,000 pounds, or more, is required to be transported. In such a case, the risk, by the express terms of the contract, is to be borne by the claimants, and there is no averment in the petition bringing the cause of action as therein set out within the first clause of the tenth article of the contract.
The petition simply avers that while the claimants w'ere proceeding with a train of wagons from Fort Leavenworth, Kansas, ta Fort Union, in New Mexico, the cattle were captured by a *118 band of hostile Indians, without distinguishing whether the train was, at the time, carrying 125,000 pounds, or more, or less than 125,000 pounds. If the latter, the United States were bound to furnish an escort; and if the former, the risk was the claimants’ own. It is obvious, therefore, that the case made in the petition is not such a one as can be sustained. The court cannot give to the petition an interpretation beyond the fair and reasonable meaning of its language. All pleadings must be, at least, “certain to a common intent;” and if otherwise, we cannot hold them good by intendment. The rule is to construe them most strongly against the pleader. (Stephens’s Pleading, 378.)
The demurrer is sustained, with leave to the claimants to amend within thirty days; otherwise the petition will stand dismissed.
Boring, J.:
I think the demurrer should be sustained, because the case is not within the statute on which the claim is rested.